## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KOHL HARRINGTON,** | ) |
| 29201 Heathercliff Rd., Unit 1205 | ) |
| Malibu, CA 90265 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **FOOD AND DRUG ADMINISTRATION,** | ) |
| 10903 New Hampshire Avenue, | ) |
| Silver Spring, MD 20993 | ) |
| | ) |
| **U.S DEPARTMENT OF HEALTH AND** | ) |
| **HUMAN SERVICES,** | ) |
| 200 Independence Ave., SW, | ) |
| Washington, D.C. 20201 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT
### (Freedom of Information Act Case)

1.      Plaintiff KOHL HARRINGTON brings this suit to force Defendants U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES and FOOD AND DRUG ADMINISTRATION to respond to and comply with HARRINGTON's FOIA requests regarding regulation of the pet food industry.

## PARTIES

2.      Plaintiff KOHL HARRINGTON is a documentary filmmaker and is the FOIA requester in this case.

3.      Defendant U.S. DEPARTMENT OF HEALTH AND HUMANS SERVICES ("DHHS") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

4.      Defendant FOOD AND DRUG ADMINISTRATION ("FDA") is a federal agency, a component of DHHS, and subject to the Freedom of Information Act, 5 U.S.C § 552.

## JURISDICTION AND VENUE

5.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

6.      Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## GENERAL BACKGROUND

7.      On October  2, 2016, HARRINGTON released an independent documentary film, "Pet Fooled," which explores the pet food industry and pet owners' claims that their pets died allegedly due to commercial packaged pet food.

8.      Since then, HARRINGTON continued his research in this subject by interviewing various pet food manufacturers, veterinarians, and other experts in the industry specifically regarding FDA's claims related to raw pet food.

9.      To provide a comprehensive and unbiased sets of facts, on several occasions, HARRINGTON tried to obtain and validate information through the FDA's media offices as well as other departments within the agency.  On numerous occasions, FDA and its departments instructed HARRINGTON to file FOIA requests for information he wished to obtain.

10.      For reasons unbeknownst to HARRINGTON, the FDA media department and other components eventually refused to answer HARRINGTON's questions regarding the agency's policies, regulations, and studies on raw food diets for pets.

11.      As the FDA suggested him to do so and pursuant to 5 U.S.C. § 552, HARRINGTON submitted FOIA requests to continue his research and analyze issues at hand in

an effort to inform the public about FDA's stringent zero tolerance policy on salmonella in pet foods.

12.     Over a fifteen-month time period, HARRINGTON did submit hundreds of FOIA requests, but only because FDA's media office and other components instructed him to direct all his inquiries and requests for various reports and studies to the FOIA office.

13.     On three separate occasions, July 26, 2019, September 16, 2019, and September 23, 2019, FDA's FOIA office provided an ultimatum to HARRINGTON instead of providing the non-exempt public records that HARRINGTON requested or providing written responses to his requests.

14.     On September 16, 2019, FDA offered him three options to proceed, of which all asked HARRINGTON to agree to place "in abeyance" and allow FDA to "administratively close" all of his open FOIA requests, "except for the requests, or portions of the requests, where FDA has already collected responsive records."  Exhibit 1.

15.     All three of the proposed options also asked HARRINGTON to agree to "not submit any additional requests until" the proposed option on processing has been completed. Exhibit 1.

16.     FDA did not provide a timeframe that each proposed option would take.  Without any estimate of timeframe in which HARRINGTON would "agree" to not submit additional FOIA requests in order to receive the responses that FDA failed to provide to him in a timely manner in the first place, HARRINGTON did not agree to FDA's terms.

17.     Despite HARRINGTON's right to public records regarding the government's conducting public businesses, FDA shifted the blame on HARRINGTON for submitting "too

many requests" and delaying the responses for other FOIA requests when, in reality, FDA has never promptly responded to HARRINGTON's FOIA requests.

18.    Even though HARRINGTON never agreed to any of the proposed options, on September 23, 2019, and without any statutory authority, FDA unilaterally decided to "temporarily place in abeyance any new requests for records that [HARRINGTON] submit" while FDA continues "actively processing certain of [his] requests—[his] existing requests, or portions of such requests, for emails, text messages, and calendars, where FDA has already collected the records, as well as [his] existing requests for all other types of records."  Exhibit 2.

19.    FDA never provided a list of requests that it planned to continue processing. After manually checking FDA's FOIA logs posted online, HARRINGTON discovered that FDA closed many of his requests, none of which are at issue in this lawsuit, without notifying him.  A month later, after reaching out to FDA's Office of Ombudsman and other FDA FOIA officers, HARRINGTON obtained the list of requests that FDA planned to continue processing.

20.    Left with no other choice, as he believed that he would rather obtain some public records than none, HARRINGTON has been waiting for FDA to process the randomly selected forty requests.

21.    In November 2019, with the hopes of resolving the issue without litigation, HARRINGTON requested a confidential mediation process with Office of Government Information Services ("OGIS") and has been waiting for the date to be scheduled.

22.    As of the date of this filing, FDA has only responded to two of the forty requests it selected back in September 2019.

**APRIL 11, 2018, FOIA REQUEST (SPECIFIC STRANDS)**

23.     On April 11, 2018, HARRINGTON submitted a FOIA request to FDA through FDA's online portal: "I am requesting records on what or which specific strands or serotypes of salmonella are pathogenic to dogs. I am also requesting records on what or which specific[] strands or serotypes of salmonella are pathogenic to cats."  The timeframe for the records is between January 1, 2014 and April 11, 2018.  Exhibit 3.

24.     On April 16, 2018, FDA confirmed receipt of the request and assigned reference number 2018-3153 to the matter.  Exhibit 3.

25.     Having received no determination letter for over 18 months, on November 5, 2019, HARRINGTON requested assistance from OGIS regarding this request.  Exhibit 4.

26.     Since January 27, 2020, HARRINGTON has reached out multiple times to FDA to follow up, but FDA has not provided a substantive response.  Exhibit 5.

27.     As of the date of this filing, FDA has not issued a determination letter and has produced no responsive records.

**JULY 19, 2018, FOIA REQUEST (KITTEN COMPLAINT)**

28.     On July 19, 2018, HARRINGTON submitted a FOIA request to FDA through FDA's online portal: "I am requesting this complaint: FDA received a complaint of two kitten deaths, including one death which was confirmed to be caused by Salmonella septicemia. Subsequent testing by the FDA of Kitten Grind Lot #GA1102 revealed the presence of Salmonella and Listeria monocytogenes. This is in regard[] to blue ridge beef 03.01.18 recall." Exhibit 6.

29.     On July 25, 2018, FDA acknowledged receipt of the request and assigned reference number 2018-6015 to the matter.  Exhibit 6.

30.     Having received no determination letter for over 13 months, on November 14, 2019, HARRINGTON requested assistance from OGIS regarding this request.  Exhibit 7.

31.     On November 14, 2019, HARRINGTON appealed FDA's constructive denial. Exhibit 8.

32.     As of the date of this filing, FDA has not issued a determination letter and has produced no responsive records.

## SEPTEMBER 25, 2018, FOIA REQUEST (HPP)

33.     On September 25, 2018, HARRINGTON submitted a FOIA request to FDA via its online portal: "I am requesting FDA records for or relating to HPP being a kill step for pet food and/or raw pet food."  Exhibit 9.

34.     On October 1, 2018, FDA acknowledged receipt of the request and assigned reference number 2018-7843 to the matter.  Exhibit 9.

35.     Having received no determination letter for months, HARRINGTON asked FDA for an update numerous times, but received no substantive response regarding the matter.

36.     As of the date of this filing, FDA has not issued a determination letter and has produced no responsive records.

## NOVEMBER 11, 2018, FOIA REQUEST (CENTER FOR VETERINARY MEDICINE)

37.     On November 11, 2018, HARRINGTON submitted  FOIA request to FDA via its online portal: "I am requesting all FDA and FDA-CVM records, health tests, necropsy reports, and any other applicable records, for dogs and cats that have die[d] due to salmonella or salmonella related issues."  Exhibit 10.

38.     On November 16, 2018, FDA acknowledged receipt of the request and assigned reference number 2018-9337 to the matter.  Exhibit 10.

39.     Having received no determination letter for months, HARRINGTON asked FDA for an update numerous times, but received no substantive response regarding the matter.

40.     As of the date of this filing, FDA has not issued a determination letter and has produced no responsive records.

**NOVEMBER 30, 2018, FOIA REQUEST (MCCHESNEY)**

41.     On November 30, 2018, HARRINGTON submitted a FOIA request to FDA via its online portal: "In a memo dated 05/02/2018, Daniel G. McChesney, Ph. D. makes the claim that 'FDA has determined that this represents a serious health hazard because salmonella can cause serious infections and death in pets, and through cross contamination, in people, especially children, the elderly, and people with compromised immune systems.' I'm requesting the records specifically relating to salmonella causing serious infections and deaths in pets. I am also requesting the scientific evidence…" Exhibit 11.

42.     On December 13, 2018, FDA acknowledged receipt of the request and assigned reference number 2018-10059 to the matter.  Exhibit 11.

43.     Having received no determination letter for months, HARRINGTON asked FDA for an update numerous times, but received no substantive response regarding the matter.

44.     As of the date of this filing, FDA has not issued a determination letter and has produced no responsive records.

**DECEMBER 16, 2018, FIRST FOIA REQUEST (HUMAN DEATHS)**

45.     On December 16, 2018, HARRINGTON submitted a FOIA request to FDA via its online portal: "I am requesting all FDA records to cases where humans have been known to have died from salmonella by handling pet food."  Exhibit 12.

46.     On January 29, 2019, FDA acknowledged receipt of the request and assigned reference number 2019-217 to the matter.  Exhibit 12.

47.     Having received no determination letter for months, HARRINGTON asked FDA for an update numerous times, but received no substantive response regarding the matter.

48.     As of the date of this filing, FDA has not issued a determination letter and has produced no responsive records.

**DECEMBER 16, 2018, SECOND FOIA REQUEST (HUMAN HOSPITALIZATION)**

49.     On December 16, 2018, HARRINGTON submitted a FOIA request to FDA via its online portal: "I'm requesting all FDA records to cases where humans have been known to have become sick or hospitalized from salmonella by handling pet food."  Exhibit 13.

50.     On January 29, 2019, FDA acknowledged receipt of the request and assigned reference number 2019-219 to the matter.  Exhibit 13.

51.     Having received no determination letter for months, HARRINGTON asked FDA for an update numerous times, but received no substantive response regarding the matter.

52.     As of the date of this filing, FDA has not issued a determination letter and has produced no responsive records.

**MARCH 8, 2019, FOIA REQUEST (SEC.690.800)**

53.     On March 8, 2019, HARRINGTON submitted a FOIA request to FDA via its online portal: "I am requesting all scientific review and risk records and documents for Sec.690.800, []".  Exhibit 14.

54.     On March 14, 2019, FDA acknowledged receipt of the request and assigned reference number 2019-2180 to the matter.  Exhibit 14.

55.     Having received no determination letter for months, HARRINGTON asked FDA for an update numerous times, but received no substantive response regarding the matter.

56.     As of the date of this filing, FDA has not issued a determination letter and has produced no responsive records.

### MAY 23, 2019, FOIA REQUEST
### (AMERICAN ASSOCIATION OF AMERICAN FEED CONTROL OFFICIALS)

57.     On May 23, 2019, HARRINGTON submitted a FOIA request to FDA via its online portal: "I'm requesting the most recent AAFCO official publication."  Exhibit 15.

58.     On June 5, 2019, FDA acknowledged receipt of the request and assigned reference number 2019-4863 to the matter.  Exhibit 15.

59.     Having received no determination letter for months, HARRINGTON asked FDA for an update numerous times, but received no substantive response regarding the matter.

60.     As of the date of this filing, FDA has not issued a determination letter and has produced no responsive records.

### JUNE 12, 2019, FOIA REQUEST (CORN)

61.     On June 12, 2019, HARRINGTON submitted  FOIA request to FDA through FDA's online portal: "I'm requesting all records pertaining to the definition of 'corn' for commercial dog and cat food products distributed through interstate commerce and 'regulated' by the FDA."  Exhibit 16.

62.     On June 25, 2019, FDA acknowledged receipt of the request and assigned reference number 2019-5547 to the matter.  Exhibit 16.

63.     Upon HARRINGTON's inquiry on the status of this request, on September 24, 2019, FDA stated that the request is "assigned to, and pending with, the Center for Veterinary Medicine."  Exhibit 17.

64.     On October 2, 2019, FDA stated that there are "90 pending FOIA requests in front of [] FOIA# 2019-5547."  Exhibit 18.

65.     Over the next few months, HARRINGTON continued to follow up with FDA, including appealing the constructive denial and reaching out to OGIS for mediation, to resolve the matter, but FDA has not responded to either of them.

66.     As of the date of this filing, more than 18 months after the initial request, FDA has not issued a determination letter and has produced no responsive records.

## COUNT I – APRIL 11, 2018, FOIA REQUEST (SPECIFIC STRANDS)

67.     The above paragraphs are incorporated by reference.

68.     Defendants are federal agencies and subject to FOIA.

69.     The requested records are not exempt under FOIA.

70.     Defendants have refused to produce the requested records in a timely manner.

## COUNT II – JULY 19, 2018, FOIA REQUEST (KITTEN COMPLAINT)

71.     The above paragraphs are incorporated by reference.

72.      Defendants are federal agencies and subject to FOIA.

73.     The requested records are not exempt under FOIA.

74.     Defendants have refused to produce the requested records in a timely manner.

## COUNT III – SEPTEMBER 25, 2018, FOIA REQUEST (HPP)

75.     The above paragraphs are incorporated by reference.

76.     Defendants are federal agencies and subject to FOIA.

77.     The requested records are not exempt under FOIA.

78.     Defendants have refused to produce the requested records in a timely manner.

## COUNT IV – NOVEMBER 11, 2018, FOIA REQUEST
## (CENTER FOR VETERINARY MEDICINE)

79.     The above paragraphs are incorporated by reference.

80.     Defendants are federal agencies and subject to FOIA.

81.     The requested records are not exempt under FOIA.

82.     Defendants have refused to produce the requested records in a timely manner.

## COUNT V – NOVEMBER 30, 2018, FOIA REQUEST (MCCHESNEY)

83.     The above paragraphs are incorporated by reference.

84.     Defendants are federal agencies and subject to FOIA.

85.     The requested records are not exempt under FOIA.

86.     Defendants have refused to produce the requested records in a timely manner.

## COUNT VI – DECEMBER 16, 2018, FIRST FOIA REQUEST (HUMAN DEATHS)

87.     The above paragraphs are incorporated by reference.

88.     Defendants are federal agencies and subject to FOIA.

89.     The requested records are not exempt under FOIA.

90.     Defendants have refused to produce the requested records in a timely manner.

## COUNT VII – DECEMBER 16, 2018, SECOND FOIA REQUEST
## (HUMAN HOSPITALIZATION)

91.     The above paragraphs are incorporated by reference.

92.     Defendants are federal agencies and subject to FOIA.

93.     The requested records are not exempt under FOIA.

94.     Defendants have refused to produce the requested records in a timely manner.

## COUNT VIII – MARCH 8, 2019, FOIA REQUEST (SEC.690.800)

95.     The above paragraphs are incorporated by reference.

96.     Defendants are federal agencies and subject to FOIA.

97.    The requested records are not exempt under FOIA.

98.    Defendants have refused to produce the requested records in a timely manner.

### COUNT IX – MAY 23, 2019, FOIA REQUEST
### (AMERICAN ASSOCIATION OF AMERICAN FEED CONTROL OFFICIALS)

99.    The above paragraphs are incorporated by reference.

100.    Defendants are federal agencies and subject to FOIA.

101.    The requested records are not exempt under FOIA.

102.    Defendants have refused to produce the requested records in a timely manner.

### COUNT X – JUNE 12, 2019, FOIA REQUEST (CORN)

103.    The above paragraphs are incorporated by reference.

104.    Defendants are federal agencies and subject to FOIA.

105.    The requested records are not exempt under FOIA.

106.    Defendants have refused to produce the requested records in a timely manner.

**WHEREFORE,** HARRINGTON asks the Court to:

i.    declare that Defendants have violated FOIA;

ii.    order Defendants to conduct a reasonable search for records and to produce the requested records;

iii.    enjoin Defendants from withholding non-exempt public records under FOIA;

iv.    award HARRINGTON attorneys' fees and costs; and

v.    award such other relief the Court considers appropriate.

Dated:  March 5, 2020

RESPECTFULLY SUBMITTED,

*/s/ Merrick J. Wayne*

Attorneys for Plaintiff,
KOHL HARRINGTON

Matthew Topic, D.C. Bar No. IL0037
Joshua Burday, D.C. Bar No. IL0042
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com